UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**RODERICK L. COCHRAN,**

**Movant,**

v.

Case No:  **2:13-cv-805-FtM-36DNF**
**(2:10-cr-55-FtM-36DNF)**

**UNITED STATES OF AMERICA,**

**Respondent.**

_____/

## <u>ORDER</u>

This cause is before the Court pursuant to an amended motion to vacate, set aside, or correct

a sentence brought pursuant to 28 U.S.C. § 2255 by Roderick L. Cochran ("Petitioner") (Doc. 7,

filed December 6, 2013).[1]  In response to the Court's order to show cause (Doc. 8), the Government

filed a response which incorporated a motion to dismiss Petitioner's § 2255 motion as barred by

the statute of limitations (Doc. 9).  Petitioner filed a reply and two supplements to his § 2255

motion (Doc. Nos. 11, 14, and 17).

Petitioner raises the following claims in his motion: (1) counsel was ineffective for failing

to challenge perjury by the agents who testified at his trial; (2) counsel was ineffective for not

challenging the jury instruction for "constructive possession"; and (3) counsel was ineffective for

allowing improper 404(b) information in the record (Doc. 7 at 4).  In his supplements, Petitioner

argued that: (1) pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (2013), his counsel

rendered ineffective assistance by failing to object to the Government's use of his prior drug

---

[1] The Court will make references to the dockets in the instant action and in the related criminal
case throughout this Opinion and Order.  The Court will refer to the docket of the civil habeas case
as "Doc." and will refer to the docket of the underlying criminal case (MDFL Case No. 2:10-cr-
55-CEH-DNF-1) as "Cr. Doc."

offenses for sentencing enhancement (Doc. 12); and (2) he is entitled to retroactive application of Amendment 782 (Doc. 12). [2]

Upon review of Petitioner's claims and the Government's responses, the Court concludes that Petitioner's § 2255 motion must be dismissed as untimely.

## I.    Background

In April of 2010, Petitioner was indicted and charged with: (1) possessing ammunition after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(2) and 2 (count one); (2) possessing with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 (count two); and (3) possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (count three) (Cr. Doc. 1).

After a jury trial, Petitioner was convicted of counts two and three of the indictment (Cr. Doc. 98; Cr. Doc. 118 at 580-82). The Court sentenced Petitioner to serve 132 months in prison (Cr. Doc. 104; Cr. Doc. 105 at 2). The Eleventh Circuit Court of Appeals affirmed the convictions and sentence in a written opinion. *United States v. Cochran*, 683 F.3d 1314 (11th Cir. 2012). Petitioner filed a petition for writ of certiorari with the United States Supreme Court which was denied on October 15, 2012. *Cochran v. United States*, 133 S. Ct. 492 (2012).

---

[2] In this "amended claim", it appears that Petitioner is actually seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Amendment 782 proceedings are currently underway in Petitioner's underlying criminal case (Cr. Doc. Nos. 128, 141, 142); *see also* MDFL Case No. 6:14-mc-78-ACC at Doc. 1 (setting forth procedures for defendants who are potentially eligible for a sentence reduction under Amendment 782 and § 3582(c)(2)). Accordingly, Petitioner's Amendment 782 claim will not be addressed in the instant Order.

## II.   <u>Analysis</u>

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a

sentence is restricted, as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).   Under these rules, the claims raised in Petitioner's original amended § 2255

petition are subject to the time limitation set forth in § 2255(1), the date on which his judgment of

conviction became final.   The Government contends that Petitioner's amended § 2255 motion is

subject to dismissal because it was not timely filed under the one-year limitation of § 2255 (Doc.

9 at 7-10).  The Court agrees.

### A.    **The claims raised in Petitioner's amended 18 U.S.C. § 2255 motion are untimely**

In the present case, Petitioner's judgment of conviction became final on October 15, 2012,

when his petition for certiorari review was denied by the United States Supreme Court. *Cochran*,

133 S. Ct at 492; *Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001) (if a prisoner

timely petitions for certiorari review, the § 2255 limitation period "begins to run when the Supreme

Court denies certiorari or issues a decision on the merits."); *Drury v. United States*, 507 F.3d 1295,

1297 (11th Cir. 2007) ("[F]inality attaches when the Supreme Court denies a habeas petitioner's petition for certiorari review.").  Because Petitioner's judgment of conviction became final on October 15, 2012, he had through October 15, 2013 to file a § 2255 motion.

Petitioner did not file his unsigned § 2255 motion until November 13, 2013 (Doc. 1 at 6). He did not re-submit a signed § 2255 motion until December 6, 2013 (Doc. 7).   Therefore, Petitioner's 28 U.S.C. § 2255 petition was untimely filed unless tolling principles apply to render it timely.

The United States Supreme Court has explained that the one-year limitation of 28 U.S.C. § 2244[3] is a statute of limitations, not a jurisdictional bar and is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010).  Under *Holland*, a petitioner is entitled to equitable tolling only if he can show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland* 560 U.S. at 649; *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (recognizing that the statute of limitations in § 2255 proceedings may be subject to equitable tolling).  Equitable tolling is typically applied sparingly, *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226. The petitioner bears the burden of proving his entitlement to equitable tolling, *Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of <u>either</u> extraordinary

---

[3] Title 28 U.S.C. § 2244 governs petitions under § 2254. Title 28 U.S.C. § 2244(d) uses nearly identical language to establish the statute of limitation under 28 U.S.C. § 2254. The United States Supreme Court has consistently analogized the legal principles governing state prisoners' habeas corpus petitions under § 2254 with those governing federal prisoners under § 2255. *See, e.g., Reed v. Farley*, 512 U.S. 339, 353 (1994) (stating § 2255 "intended to mirror 2254 in operative effect[.]").  Accordingly, it is appropriate to apply *Holland* to § 2255 motions.

circumstances or diligence; rather he must establish <u>both</u>. *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006).

Petitioner previously asserted in a motion for an extension of time to file a § 2255 motion (filed in his underlying criminal case) that his § 2255 motion was delayed because his legal materials were confiscated by prison authorities; he has had to obtain new copies of documents; and his family members have had difficulty in obtaining grand jury transcripts (Cr. Doc. 131 at 2-3). Petitioner also asserted that at the time of the motion for an extension of time (which was filed before the expiration of his § 2255 time limit), his "[§] 2255 motion/brief is all but completed and the grand jury transcripts are the only missing element needed to complete the brief and mail the brief to the court." *Id.* at 3. In reply to the Government's motion to dismiss the § 2255 motion as time-barred, Petitioner asserted that some of his legal documents were confiscated by prison authorities; he had difficulty obtaining copies of the confiscated documents; his prison "went on a number of institutional lock down[s]" between January and November of 2013; his counsel would not provide Petitioner with another copy of his case file; and he filed freedom of information requests to obtain grand jury transcripts (Doc. 11 at 6).

Generally, a limitations period is not equitably tolled based on prison lockdowns or misplacement of a prisoner's legal papers. *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000); *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (Prison "lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate."). Moreover, Petitioner does not address why he was unable to timely file a § 2255 motion prior to, or in between, the lockdowns, given that he asserted in his motion seeking an extension of time to file a § 2255 motion that his "§ 2255 motion/brief [was] all but completed and the grand jury transcripts [were] the only missing element needed to

complete the brief and mail the brief to the court." (Doc. 131 at 3).  Notably, when Petitioner filed the instant untimely § 2255 motion, he did not attach, or even reference, the grand jury transcripts that allegedly delayed the filing of the motion.  Accordingly, it is clear to the Court that Petitioner was able to file a § 2255 motion without the aid of grand jury transcripts.

Based on Petitioner's October 15, 2013 motion seeking an extension of time, it appears that Petitioner subjectively believed he could extend the applicable statute of limitations simply by seeking an extension of time to file a § 2255 motion in his underlying criminal case. *See* Cr. Doc. 131.  However, the motion was denied because this Court lacked jurisdiction to grant the relief sought (Cr. Doc. 133); *United States v. Hernandez*, 431 F. App'x 813, 814 (11th Cir. 2011) (concluding that it would be "premature to consider the merits of Hernandez's motion to equitably toll the one-year limitation period" because Hernandez had not yet filed a habeas action) (citing *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (holding that a court lacks subject matter jurisdiction to consider the timeliness of a § 2255 motion to vacate before it has been actually filed because there is no case or controversy to be heard and any decision would be merely advisory)). Petitioner's mistaken belief that he need not strictly comply with the filing deadline does not excuse his failure to timely file his § 2255 motion.  Ignorance of the law has never been held to excuse untimeliness in the § 2255 context. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (stating that "the Court has never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance was not an excuse for

prolonged inattention when promptness is required).[4]  The claims raised in Petitioner's amended §

2255 petition (Doc. 7) are subject to dismissal as untimely.

### B.    Petitioner's *Descamps* claim is untimely

Subsection three of § 2255(f) starts the clock for § 2255 motions on "the date on which the

right asserted was initially recognized by the Supreme Court, if that right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral

review[.]" 28 U.S.C. § 2255(f)(3).  In his first motion to supplement his petition, Petitioner raises

a claim based upon *Descamps v. United States*, 133 S. Ct. 2276 (2013) (Doc. 12).[5]   Petitioner

argues that the Supreme Court announced a new rule of law in *Descamps* and invites this Court to

decide that *Descamps* is retroactively applicable to cases on collateral review. *Id.* at 3.

Petitioner's reliance on *Descamps* is misplaced.  The Supreme Court has not declared its

decision in *Descamps* to be retroactively applicable on collateral review.   Moreover, the

undersigned has found no cases in which *Descamps* was held to be retroactive on collateral review,

although many cases have held to the contrary. *See, e.g., United States v. Boykin*, No. 4:14cv224–

RH/GRJ, 2014 WL 2459721 (N.D. Fla., May 31, 2014) (dismissing § 2255 filed in reliance on

*Descamps* as untimely); *Nipper v. Warden, FCC–Coleman*, 597 F. App'x 581, 583 (11th Cir.

2015) ("Neither the Supreme Court nor this Court has held that *Descamps* applies retroactively on

---

[4] *Pro se* filings are subject to less stringent pleading requirements, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and should be liberally construed with a measure of tolerance. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Gomez–Diaz v. United States*, 433 F.3d 788, 791 (11th Cir. 2005).  However, the policy of liberal construction for *pro se* litigants' pleadings does not extend to a "liberal construction" of the one-year limitations period.

[5] In *Descamps*, the Supreme Court held that "sentencing courts may not apply the modified categorical approach [to determining whether a prior offense was a violent felony under the Armed Career Criminal Act] when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282.

collateral review. Beyond that, *Descamps* was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review."); *United States v. Davis*, No. 13 C 50360, 2014 WL 1047760, *5 (N.D. Ill. Mar. 18, 2014) ("[T]he *Descamps* decision did not announce a 'new rule' for the purposes of Section 2255(f)(3). . . . Thus, even if *Descamps* applies retroactively to cases on collateral review, it did not announce a 'new rule' that makes Section 2255(f)(3) applicable.").

Under this authority, Petitioner's invitation to this Court to declare *Descamps* retroactively applicable to cases on collateral review is rejected. The *Descamps* decision does not enable Defendant to circumvent the one-year statute of limitations through the application of 2255(f)(3).

## III.  <u>Conclusion</u>

Accordingly, it is now **ORDERED:**

1.      Petitioner's amended motion to vacate, set aside, or correct sentence (Doc. 7, Cr. Doc. 134) is **DISMISSED AS UNTIMELY** for the reasons set forth in this Order.

2.      The **Clerk of Court** is directed to enter judgment accordingly, terminate any pending motions, and close the civil file.  The Clerk is further directed to place a copy of this order and the civil judgment in the criminal file 2:10-cr-55-FtM-36DNF.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY IS DENIED**. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v.*

8

*Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted). Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed in forma pauperis on appeal.

**DONE** and **ORDERED** in Tampa, Florida on August 27, 2015.

Charlene Edwards Honeywell
United States District Judge

SA: OrlP-4 8/27/15
Copies to: Roderick L. Cochran
Counsel of Record